value of the assets of a corporation; but it has never been held to be conclusive, and in the present instance we find in the same year a very wide difference in the prices at which the share stock was selling. Better evidence of the value of the capital stock and surplus is to obtain, where it can be done, the actual worth of such assets. As stated, it was competent for the relator to show on the hearing just what the building was worth. Instead, however, of producing any direct or conclusive evidence on this subject, the relator confined its efforts to showing at what price the stock sold. Against the inference of depreciation to be drawn from such testimony, we have the fact appearing that the building was carried on the books at cost, which, in the opinion of the commissioners, was its actual value in 1899. For the reason, therefore, that the relator failed to sustain the burden placed upon it of showing that it was aggrieved, we think the order appealed from should be affirmed, with costs. All concur; INGRAHAM, J., in result.

---

(60 App. Div. 317.)

### GREEN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

WITNESS—CREDIBILITY—PAYMENT IN EXCESS OF LEGAL FEES.

 The payment to a witness of money in excess of his legal fees is a proper matter to be considered by the jury on the question of his credibility.

Appeal from trial term, New York county.

Action by Edward J. Green against the Metropolitan Street-Railway Company. From a judgment on a verdict for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed.

See 58 N. Y. Supp. 1039.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Franklin Pierce, for appellant.

Charles F. Brown, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for loss of services of the plaintiff's son, who was injured by one of the defendant's cars. The jury rendered a verdict for the defendant, and from the judgment entered thereon the plaintiff has appealed. We are of the opinion that an exception taken by the plaintiff's counsel to the charge of the learned trial justice necessitates a reversal of the judgment. During the course of the trial it appeared that some of the defendant's witnesses had been paid, in addition to the statutory fees, certain sums of money, and which fact it is fair to assume, from the charge as made, was called to the attention of the jury, and commented upon by the counsel for the plaintiff, because the learned trial justice stated, in substance, in his charge, that the fact that a witness had been paid certain sums in addition to his statutory fees did not necessarily discredit him,

and that such payments were common and recognized. The plaintiff's counsel requested that the court charge the jury that it might "discredit a witness who has received sums of money,—considerable sums; $10 or $15 at a time,—where it does not appear that it was paid to him after, but was paid to him before; that it bears upon his credibility." This request was declined, the court saying, "I charge otherwise in this case." Plaintiff's counsel excepted, and we think this exception was well taken. It is not a correct statement of the law, and it does not require the citation of authorities nor an extended discussion to prove that fact. The statute provides what a party shall pay to a witness, and requires him to attend when such sum is paid, and, if he does not, he subjects himself to a certain penalty, as well as a liability to make good the damages sustained by the party subpœnaing him by reason of his failure, and, in addition thereto, is guilty of a contempt of court, for which he may be fined and imprisoned. And whenever a witness has been paid money in excess of the legal fees, that fact, in and of itself, is always a proper subject to be considered by the jury as bearing upon his credibility; that is, whether the testimony of such witness is induced by the increased or additional payment. For the error thus committed there should be a new trial. It follows that the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.