(83 App. D· · 305.)

### SHEA v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    May 8, 1903.)

1. Intoxicating Liquors—Bond of Dealer—Deposit to Secure Surety—Right to Recover Back.

Defendant was surety on a bond given by plaintiff, a liquor dealer. Plaintiff deposited with him $1,600, to be held as indemnity during the term of the bond, and until all liability thereunder ceased, the money to be returned on demand, and on complete and satisfactory evidence of the cancellation and discharge of defendant's liability as . surety. There was no provision in the liquor tax law for canceling such a bond, and no remedy by which plaintiff could cancel, or compel the people to relinquish, any claim they might have thereunder. *Held* that, after the expiration of the certificate, and on proof by plaintiff that he had complied with all conditions of the bond, he could recover the money deposited, and was not compelled to wait until the bond was actually canceled, or until defendant was insured against any recovery thereon by the running of the statute of limitations.

Appeal from Trial Term, New York County.

Action by Patrick Shea against the Fidelity & Casualty Company of New York. From a judgment sustaining a demurrer to the complaint and dismissing the same, plaintiff appeals. Reversed.

See 78 N. Y. Supp. 892.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles G. F. Wahle, for appellant.
Charles C. Nadal, for respondent.

LAUGHLIN, J. On or about the 1st day of May, 1900, plaintiff obtained a liquor tax certificate authorizing him to traffic in liquors at Nos. 32 and 34 West Twenty-Ninth street, in the borough of Manhattan, New York, which certificate expired on the 30th day of April, 1901. The defendant was the surety upon the bond required

to be given to the people as a condition of obtaining such liquor tax certificate. The plaintiff paid the compensation required by the defendant as a condition of becoming such surety, and deposited with it the sum of $1,600 as security for its liability, that being the penal sum specified in the bond. The bond was in the form required by the liquor tax law, and contained none other than the usual conditions of such bond. The agreement between the plaintiff and defendant by which the latter became such surety was reduced to writing and signed by the parties, and is annexed to the complaint and made a part thereof. It recited that the bond upon which the defendant was to become surety would expire on the 30th day of April, 1901, and acknowledged the receipt by the surety company of the $1,600, and provided that this money was—

"To be held by said Company as indemnity during the term of said bond or any renewals, extensions or changes thereof, and until all liability thereunder has ceased. That if said Company shall at any time suffer any loss, damage, costs, charges or expenses on account of going on said bond, such loss, damage, costs, charges and expenses shall be deducted from said sum of Sixteen Hundred Dollars ($1600.00) and the overplus, if any, returned to the said party of the first part, his heirs, or legal representatives; and if the Company shall suffer any loss, damage, costs, charges or expenses in excess of the said sum of Sixteen Hundred Dollars ($1600.00) said party of the first part will pay any such amount in excess of said Sixteen Hundred Dollars ($1600.00) and will at all times reimburse, indemnify and save harmless the Company for, from and against all loss, damage, costs, charges and expenses which it shall or may at any time sustain, incur or be put to, and all moneys that it shall at any time pay or become liable to pay for by reason or in consequence of the Company having executed said obligations; and all costs, counsel fees and expenses which the Company may incur in investigating any claim made thereon or in defending or attempting to defend any action, suit or proceeding wherein the liability of the Company thereunder may or might be determined or affected.

"And it is further agreed that if said Company shall sustain no loss, damage, costs, charges and expenses it will upon demand and upon complete and satisfactory evidence of the cancellation and discharge of the Company's liability as such surety, return said sum of Sixteen Hundred Dollars ($1600.00) to the party of the first, his heirs or legal representatives, together with any interest allowed by the Bank where the said money has been on deposit, said Bank of deposit to be the Institution for Savings for Merchants and Clerks of said City."

This action was commenced on the 9th day of July, 1901, to recover said deposit of $1,600, together with interest thereon, as provided in the agreement. The complaint sets forth the conditions of the bond for violation of which the penalty thereof was to be forfeited to the state, and alleges in detail that none of such conditions were violated by the plaintiff, and further alleges that all of the conditions were duly kept and performed by him; that he did not suffer or permit, while the business for which such liquor tax certificate was given was carried on, any violation of the liquor tax law, and that no fines or penalties accrued against him; that no judgment for fines or penalties was recovered, nor were any costs taxed or allowed against him; and that there was not at the time of the commencement of the action pending undetermined any civil or criminal action or proceeding arising out of, affecting, or in any way relating to, the business of trafficking in liquor carried on by him at said prem-

ises during the term of the liquor tax certificate. It is further alleged in the complaint that the plaintiff has in all respects complied with the terms and provisions of the agreement between him and the defendant by which it became his surety, and under which said deposit was made, and "duly performed all the conditions on his part to be performed as therein required," and has duly demanded the return of said deposit, but that the defendant refused to comply with such demand.

There seems to be no provision in the liquor tax law for canceling a liquor tax bond, but the defendant contends that, under the provisions of the agreement between it and the plaintiff quoted, it is not obliged to return the deposit until the bond is formally canceled, or until all possible liability upon its part is terminated by the running of every statute of limitation that would be a bar to an action by the people upon the bond. The court at Special Term has adopted this view. We deem this an unreasonable construction of the agreement, and manifestly it was not the intention of the parties. If the liquor tax law contains a provision for the cancellation of such bonds, or for determining otherwise than by an action on the bond that the liability thereunder had terminated, then, undoubtedly, it would be the duty of the plaintiff to take the necessary steps to secure its cancellation, or to have it determined that the liability had ceased; but, there being no provision on this subject, there is no remedy by which the plaintiff can cancel the bond, or can compel the people to relinquish any claim they may have thereunder. He could not have made the people a party to this action and have compelled them to now assert any claim they may have. He has done all that lies within his power. More than two months elapsed after the expiration of the liquor tax certificate before he brought this action, and he alleges, and will be required to show upon the trial if it be controverted, that he has not suffered or permitted a violation of the law by which any liability could be incurred under the bond; that he has not violated any condition of the bond; that no fine, penalty, or costs has been recovered or taxed against him; and that there is no outstanding action or proceeding, civil or criminal, relating to the business carried on by him under said certificate. These facts show that there is no liability upon the bond, although the adjudication will not be binding upon the people. The plaintiff being powerless to conclude the people, it is not reasonable to expect him to do so, and, if there is any probability of future action by the people upon the bond, the defendant should have no difficulty in ascertaining and presenting the facts upon which such action may be contemplated, and, if they be well grounded, defeating a recovery. The plaintiff, as has been seen, alleges that he has fully performed all of the conditions of his agreement with the defendant. Upon proof of the facts alleged, the plaintiff will establish prima facie a right to recover the deposit, together with interest thereon, as provided in the agreement. If the defendant has suffered any loss or damages, or incurred any costs, charges, or other expenses for which the plaintiff is liable under his agreement with it, the same will be an offset, and, if they exceed the amount of the deposit, with

interest, it may recover an affirmative judgment upon properly pleading and proving the same. Upon the expiration of the period for which the liquor tax certificate was issued, the defendant was entitled to such evidence as could be reasonably furnished that its liability upon the bond had terminated; and it was undoubtedly entitled to a reasonable time to communicate with the proper state authorities and ascertain whether any complaint had been filed or was pending against the plaintiff concerning a violation of the liquor tax law or of the bond, and to ascertain whether the excise department had any information on that subject; and, if required, it was undoubtedly the duty of the plaintiff to furnish the defendant such information—by affidavit or otherwise—on this subject as could be ascertained or presented by due diligence. The allegations of the complaint, however, fairly negative the existence of any facts tending to show the continuance of any liability upon the bond, and it is alleged that he has fully performed the conditions of the agreement entitling him to a return of the deposit. It is evident that the defendant did not decline to pay over the money on account of the failure of the plaintiff to comply with any reasonable request made by it. The defendant's position is that it is entitled under the agreement to retain the money until the bond is actually canceled, or until it is insured against any recovery thereon by the running of the statute of limitations. This position we regard as untenable.

It follows that the judgment should be reversed, with costs, and the demurrer overruled, with costs, but with leave to the defendant to withdraw demurrer, and to answer upon payment of the costs of the appeal and of the demurrer. All concur.