## BROWN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. CARRIERS—ALIGHTING PASSENGERS—NEGLIGENCE OF CONDUCTOR.

   A conductor who has no notice or knowledge that a passenger intends to leave the car cannot properly be charged with negligence in starting the car.

2. WITNESSES—MEDICAL EXPERTS—IMPEACHMENT.

   In an action for injuries, where a physician testified that he refused to come to court as a witness as to plaintiff's injuries until he had been paid, and that plaintiff's attorney sent him a check, it was error to exclude a question asked for impeachment—as to how much he had been paid.

3. SAME—APPEAL—PREJUDICIAL ERROR.

   In an action for injuries, the exclusion of testimony as to how much a physician had been paid to testify for plaintiff could not be held harmless where the verdict rendered for plaintiff was considerable, and the physician had testified with much emphasis as to the permanent results of the accident and the weakening effect on plaintiff's arm.

Appeal from City Court of New York, Trial Term.

Action by Nettie Brown against the Interurban Street Railway Company.   From a judgment of the City Court for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Wertheimer & Duffy, for respondent.

SCOTT, J.   The evidence did not make it as clear as might be wished that the conductor saw the plaintiff's signal, or knew that she intended to leave the car.   If he had no such notice or knowledge, ne could not properly be charged with negligence in starting the car. Fremont v. Met. St. Ry. Co., 83 App. Div. 414, 82 N. Y. Supp. 307. The jury probably inferred such knowledge on his part from the fact, testified to by plaintiff, that after she signaled he rang the bell.   There may, however, have been some other reason for that.   It is not necessary, however, to consider the question whether the proof was sufficient in this regard, because the judgment must be reversed for an error in the exclusion of testimony.   A physician called to give evidence as to the plaintiff's injuries testified that he refused to come to court as a witness until he had been paid, and that the plaintiff's attorney sent him a check, whereupon he attended, and did testify. He stated distinctly that he had received money from plaintiff's attorney for coming to court in this case.   He was then asked how much he had been so paid, and upon objection the question was excluded. This was clearly error.   Green v. Met. St. Ry. Co., 60 App. Div. 317, 70 N. Y. Supp. 123; Zimmer v. Third Ave. R. R. Co., 36 App. Div. 273, 55 N. Y. Supp. 314.   It cannot be said that the error was not prejudicial.   The verdict was not inconsiderable, and the witness had testified with much emphasis as to the permanent results of the accident, and the weakening effect upon plaintiff's arm.   It is quite rea-

¶ 1.  See Carriers, vol. 9, Cent. Dig. §§ 1228, 1228½.

sonable to assume that the verdict was enhanced if the jury gave full credence to the evidence. The error was not cured by the instruction upon the subject given to the jury at the end of the charge. Without knowing how much the witness was paid—and, from the fact that he was paid by check, it may be inferred that it exceeded the statutory 50 cents—the jury had no means of judging to what extent the fee may have affected his testimony.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.